FILED
2017 JUN 29 AM 11:32
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CRYSTAL DEJESUS, individually, and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No: 6:17-cv-1208-ORL-41-TBS |
| v. | ) ) CLASS ACTION |
| CIGNA CORPORATION, a Delaware corporation, | ) ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Crystal DeJesus brings this action against Defendant Cigna Corporation to secure redress for violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C § 227, for injuries caused by Defendant's unsolicited calls made to the cell phone of Plaintiff and others using an automated telephone dialing system, or an artificial or prerecorded voice. Defendant's illegal conduct resulted in the invasion of Plaintiff's privacy and caused, among other things, diminished utility of Plaintiff's cellular telephone.

2. It is well understood that "the right to be let alone" is one of the most valued rights in a civilized society. *See Olmstead v. United States*, 277 U.S. 438 (1928). Moreover, Courts in this state have recognized that "[t]he right of privacy, assured to Florida's citizens, demands that individuals be free from uninvited observation of or interference in those aspects of their lives which fall within the ambit of this zone of privacy unless the intrusion is warranted by the necessity of a compelling state interest." *Shaktman v. State*, 553 So. 2d 148, 150 (Fla. 1989). Plaintiff, for her class action complaint, alleges the following upon personal knowledge as to

1

herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over the claims in this case under 28 U.S.C § 1331 because this action arises out of a violation of federal law, the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq.*

4. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Defendant conducts business in this district and its contacts here are sufficient to subject it to personal jurisdiction.

## PARTIES

5. Plaintiff, Crystal DeJesus, ("Plaintiff") is a natural person who, at all times relevant to this action, was a resident of Brevard County, Florida.

6. Defendant, Cigna Corporation ("Defendant"), is a Delaware corporation whose principal offices are located at 900 Cottage Grove Road, Bloomfield, CT 06002 and whose address for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

7. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's affiliates, subsidiaries, officers, directors, vice-principals, agents, sub-agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's affiliates, subsidiaries, officers, directors, vice-principals, agents, sub-agents,

servants, or employees.

## A BRIEF OVERVIEW OF THE TCPA

8. The TCPA was enacted in response to "[v]oluminous consumer complaints about abuses of telephone technology." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 744, 565 U.S. 368, 181 L. Ed. 2d 881 (2012).

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2013).

10. The TCPA prohibits calls made to cellular phones through the use of an automatic telephonic dialing system (also known as an "autodialer" or "ATDS") or an artificial or prerecorded voice, unless the call was made for emergency purposes or with the "[p]rior express consent of the called party." 47 U.S.C § 227(b).

11. To demonstrate a violation of the TCPA, the Plaintiffs need only show that Defendant called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice. *Breslow v. Wells Fargo Bank, NA*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012).

12. The TCPA creates a private right of action for affected consumers, and allows them to recover the greater of their actual monetary loss or up to $500 per call for each violation.

3

47 U.S.C. § 227(b). It also allows the district court to increase the award up to treble statutory damages if it finds the defendant's violation was willful or knowing. *Id.* at 1318. *See also Mims*, 132 S. Ct. at 746.

## FACTUAL ALLEGATIONS

13.   Cigna Corporation, together with its subsidiaries and affiliates, is a global health services organization. Defendant's products include medical, dental, disability, life and accident insurance and related products and services offered through its various subsidiaries and affiliates.

14.   In apparent furtherance thereof, and on multiple occasions during the time frame relevant to this action, Plaintiff began receiving automated, prerecorded voice calls purporting to come from "Cigna" to her cellular telephone.

15.   At all times relevant herein, Plaintiff exercised sole dominion and control over the cellular telephone to which Defendant was calling.

16.   The calls, on some occasions for example, were intended for a Michael [unintelligible]. On other occasions, Plaintiff received calls for a Margaret Harrell. Many of the calls appeared to be made for the purpose of encouraging the intended recipient to take advantage of some service offered by Defendant. Other recent examples include:

- "Hello, this is Cigna ... calling for ... Ivan Romero. We're trying you again to invite you to work one on one with us, Health Advocates. It's available at no cost to you ..." 5-23-17 12:01pm.

- "Hello, this is Cigna ... calling for ... Monique Matthews. Let us connect you with health coaching and wellness program ..." 5-23-17 7:06pm.

- "Hello, this is Cigna ... calling for ... Steven Brown. We're trying you again to invite you to work one on one with us, Health Advocates. It's available at no cost to you ..." 5-31-17 4:38pm.

- "Hello, this is Cigna ... calling for ... DeSean [unintelligible]. We're trying you again to invite you to work one on one with us, Health Advocates. It's available at no cost to you ..." 6-6-17 7:56pm.

17. On many occasions, Plaintiff received more than one (1) such call per day, and/or three (3) calls per week, none of which offered Plaintiff any means or instructions on how to opt out of such calls. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 30 F.C.C. Rcd. 7961, 8031-32 ¶¶ 146, 147 (July 10, 2015).

18. In no case were any of the forty (40) or more prerecorded calls received by Plaintiff directed toward her, as the intended recipient, nor does she know any of the apparent intended recipients.

19. At no time did Plaintiff provide the requisite prior express consent to receive the aforementioned calls.

20. Indeed, Plaintiff became so annoyed with the repeated "wrong number" calls that she sought help in the form of legal counsel to assist in making the calls stop.

21. Upon information and belief, Defendant's practice of placing prerecorded voice calls to "wrong numbers" is both pervasive and long-standing, encompassing the entire time frame relevant to this action. For example:[1]

- "It is Cigna, but it bugs the daylights out of me that they (i) robo-call and then ask me to hold for a few minutes; and (ii) ask me to provide personal information to verify my identity when THEY called ME!" *Sam* – 3 Sep 2016.

- "This number is spamming the crap out of my cellphone. They call 3 or 4 times a day. This morning they started at 5:36 am." *Julie* – 28 Apr 2015.

- "Some insurance call about someone else." *2me* – 19 May 2017

- "Keep getting cell phone calls from this number, once I pick up the phone they hang up the phone." *Sarah* – 3 Sep 2016

---

[1] Source: http://800notes.com/Phone.aspx/1-888-512-0495, http://findwhoiscalling.org/phone number/8885120495, https://www.shouldianswer.com/phone-number/9789336643. The last comment was gleaned from complaints filed with the Florida Department of Agriculture and Consumer Services.

- "Cigna - we don't even have them as our insurer anymore" *Lisa* – 3 months ago

- "insurance that's not even mine" *99.121.217.xxx* – 5 Jun 2017

- "... trying to get me to meet a personal health trainer." *unknown* – 1 month ago

- "I receive calls from this number daily now and it is extremely annoying. They need to be stopped. If you look up the number on the internet, there are comments from numerous callers that say the same thing as I am saying here." *Ross* – 25 Mar 2015.

22. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of a putative Class (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and aggravating telephone calls, as well as the unpermitted, temporary usurpation of their cellular telephone service. *See Boise v. ACE USA, INC.*, No. 15-Civ-21264-COOKE/TORRES (S.D. Fla. July 6, 2015) ("To establish standing, Mr. Boise needs to allege only that his line was occupied by an unsolicited call in violation of the TCPA.").

## CLASS ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class and subclass of similarly situated individuals defined as follows:

> **No Consent Class**: All persons in the United States whose (1) cellular telephone number has been called by Defendant; (2) more than once; (3) with an artificial or prerecorded voice and/or an automatic telephone dialing system; and (4) such calls were made without the prior express consent of the person subscribing to the number called, (5) from four years preceding the filing of this complaint to the date that the class is certified.

> **Wrong Number Subclass**: All persons in the United States whose (1) cellular telephone number has been called by Defendant; (2) more than once; (3) with an artificial or prerecorded voice and/or an automatic telephone dialing system; and (4) such calls were

6

"wrong numbers" where the person subscribing to the number called was not the same person Defendant's records show it intended to call, (5) from four years preceding the filing of this complaint to the date that the class is certified.

24. **Numerosity:** Even though the exact number of Class members is unknown and not available to Plaintiff at this time, it is clear that individual joinder is impracticable. On information and belief, Defendant call records and verification processes will reveal that Defendant has made telephone calls to thousands of consumers' cellular telephones throughout the United States who fall into the definitions of one or both of the proposed classes.

25. **Typicality:** Plaintiff's claims are typical of the claims of other members of both Classes, in that they all sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

26. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class members, and has retained counsel competent and experienced in class actions. Plaintiff has no interest antagonistic to those of either Class, and Defendants have no defenses unique to Plaintiff.

27. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class members, and those questions predominate over any questions that may affect individual members of either Class. Common questions for both classes include, but are not necessarily limited to the following:

    a. Whether Defendant's calls featured a pre-recorded or artificial voice or used an ATDS;

    b. Whether Defendant's control over its affiliates, subsidiaries, officers, directors, vice-principals, agents, sub-agents, servants, or employees was such that Defendant should be held vicariously liable for their actions;

  c. Whether the acts described herein were done with the full authorization, ratification or approval of Defendant or done in the routine normal course and scope of employment of the Defendant's affiliates, subsidiaries, officers, directors, vice-principals, agents, sub-agents, servants, or employees;

  d. Whether class members are entitled to treble damages based on the willfulness of Defendants' conduct;

  e. Whether Defendant should be enjoined from engaging in such conduct in the future.

28. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods of fair and efficient adjudication of this controversy in which joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially in relation to the burden and expense that individual prosecution of the complex litigation necessitated by Defendant's actions would entail. Thus it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## COUNT I

### Violations of the TCPA 47 U.S.C. § 227

29.  Plaintiff realleges and incorporates the foregoing allegations as fully set forth herein.

30.  It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a cellular telephone service…" 47 U.S.C. § 227(b)(1)(A)(iii).

31.  Defendant's violation of the TCPA resulted in, among other things an invasion of Plaintiff's privacy and right to enjoy the full utility of her cellular device.

32.  Defendant is directly and/or vicariously liable for the violations above.

33.  As such, Defendant's calls were willful or, at a minimum, negligent. *See* 47 U.S.C. § 227. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and other members of the class.

### JURY DEMAND

34.  Plaintiff requests a trial by jury of all claims that can be so tried.

\*   \*   \*

WHEREFORE, Plaintiff Crystal DeJesus, individually and on behalf of the above-described Classes, respectfully requests the following relief.

   a.  An order certifying the **No Consent Class** as defined above, appointing Plaintiff Crystal DeJesus as the representative of the Class, and appointing her counsel as Class Counsel;

b. An order certifying the **Wrong Number Subclass** as defined above, appointing Plaintiff Crystal DeJesus as the representative of the Class, and appointing her counsel as Class Counsel;

c. An award of statutory damages;

d. An injunction requiring Defendants to cease all unsolicited calling activities, and otherwise protecting the interests of the Class members,

e. An award of reasonable attorneys' fees and costs to the extent provided by law; and

f. Such other and further relief that the Court deems reasonable and just.

Respectfully submitted,

/s/ Scott D. Owens
SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 059765
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com

/s/ Eric W. Kem
ERIC W. KEM, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 0106042
2233 NW 41st St., Suite 700-H
Gainesville, FL 32606
Telephone: (352) 275-7151
Facsimile: (844) 536-3476
ekem@kemlawfirm.com