UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRYSTAL DEJESUS,

    Plaintiff,

v.                                                       Case No: 6:17-cv-1208-Orl-41TBS

CIGNA CORPORATION,

    Defendant.

## ORDER

This putative class action comes before the Court without a hearing on Plaintiff's Motion to Compel Discovery (Doc. 22). Plaintiff Crystal DeJesus complains that Defendant Cigna Corporation used an automated telephone dialing system or an artificial or prerecorded voice to phone her repeatedly in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Doc. 1). She alleges that Defendant made these calls without her consent, and that she was not the person Defendant intended to call (Id., ¶¶ 14, 16-19). Defendant reports that after it received Plaintiff's complaint it discovered "apparent systematic data entry errors" which resulted in the incorrect linking of 29 different people to Plaintiff's telephone number (Doc. 29 at 4-5). Unaware of the error, Defendant gave the names of the persons incorrectly linked with Plaintiff's phone number to its call services vendor (Id., at 5). Once Defendant realized its mistake, it took corrective action including placing Plaintiff's phone number on its do-not-call list (Id.).

Plaintiff seeks to certify a class comprised of all persons in the United States whose cellular telephone numbers were called more than once by Defendant, in the last four years, without their consent, using an artificial or prerecorded voice and/or automatic

telephone dialing system (Id., ¶ 23). Plaintiff also seeks to certify a subclass consisting of everyone in the class who, like Plaintiff, was not the person Defendant's records show it intended to call (Id.).

Plaintiff served requests for admissions, interrogatories and requests for production on Defendant and after several agreed extensions, Defendant responded to this discovery (Docs. 23-3, 23-4, 23-5). Plaintiff was not satisfied with Defendant's responses and counsel met and conferred (Doc. 22 at 2). Defendant agreed to supplement its responses but failed to do so. When the supplemental discovery was not forthcoming, Plaintiff filed this motion (Id., at 2-3). In its response, Defendant represents that after the motion was filed, the parties narrowed the issues so that only Plaintiff's interrogatories numbered 2, 6, 9 and 12, and request for production number 1 are still at issue (Doc. 29 at 12). Nevertheless, the Court addresses all discovery that is the subject of the motion.

Requests for Admissions

Requests for admission ask a party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to" the facts of the case. FED. R. CIV. P. 36(a)(1). The answering party has 30 days within to serve a written response, including any objections, to each request or the request is deemed admitted. FED. R. CIV. P. 36(a)(3). Denials must be specific "or state in detail why the answering party cannot truthfully admit or deny" the request. FED. R. CIV. P. 36(a)(4). If the answering party is unable to admit or deny a request due to lack of information or knowledge, it must "state[] that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id. If the court finds, on a motion to determine the sufficiency of the answer, that it "does not comply with

this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses." FED. R. CIV. P. 36(a)(6). In response to Plaintiff's requests for admissions numbered 1-3 Defendant answered:

> Defendant is without sufficient information to admit or deny this request. Discovery is ongoing.

(Doc. 23-3 at 2). Defendant's response does not comply with Rule 36(a)(4), and now it says that it has agreed to supplement its responses to these requests (Doc. 29 at 12). Accordingly, the motion to compel Plaintiff's requests for admissions numbered 1-3 is **GRANTED**.

Interrogatories

A party has 30 days from service to answer and object to interrogatories. FED. R. CIV. P. 33(b). "The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). The rules leave no place for generalized, non-specific, boilerplate objections. "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit …." Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)).

Interrogatories 2 and 3 ask Defendant to identify every person in the United States who may qualify as a member of the putative class or subclass (Doc. 23-4 at 4-5). Defendant objects to these interrogatories on the ground that they are premature because a class has not been certified (Id.). "Courts have ordinarily refused to allow discovery of

class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." Dziennik v. Sealift, Inc., No. 05-CV-4659 (DLI) (MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (collecting cases). Even in those circumstances where a court finds that the contact information for some class members is discoverable "it may be doubted whether any of these purposes would require compilation of the names and addresses of *all* members of a large class." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354, n. 20 (1978) (emphasis in original). Plaintiff has failed to show why this case should be the exception to the rule. Accordingly, Defendant's objections to interrogatories 2 and 3 are sustained, and Plaintiff's motion to compel answers is **DENIED**.

Interrogatories 4, 6 and 12 ask Defendant to: (1) "describe the purpose of calling Plaintiff's cellular telephone number;" (2) "[i]dentify all software and equipment by vendor, model/version, and dates in operation, that were used to make any phone call to" Plaintiff's phone number; and (3)identify the vendors Defendant used to phone Plaintiff on its behalf (Doc. 23-4 at 6-7, 9). Defendant's boilerplate objections that this discovery is overly broad, vague, unduly burdensome, not relevant, and not proportional to the needs of the case are overruled. Defendant also objects to interrogatory number 12 on the ground that it is not limited to calls made to Plaintiff (Doc. 29 at 11). The Court disagrees. Interrogatory 12 only concerns calls made to Plaintiff. To establish liability under the TCPA, Plaintiff must establish that an automated telephone dialing system or artificial/prerecorded voice was used to facilitate the calls by the defendant or an entity acting on the defendant's behalf. AT&T Mobility LLC v. C1F, Inc., CIVIL ACTION NO. 1:09-cv-00277-JOF, 2010 WL 11549600, at *5 (N.D. Ga. Nov. 19, 2010) ("'Liability under

the TCPA may exist not only for the person making the call, but also for the entity on whose behalf the call is made.' Under the Telephone Consumer Protection Act, it is unlawful for "any person ... to make any call ... using any automated telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service.") (citing 47 U.S.C. § 277(b)(1)(A)(iii)); see also Shamblin v. Obama for Am., No. 8:13-cv-2428-T-33TBM, 2014 WL 631931, at *2 (M.D. Fla. Feb. 18, 2014). These interrogatories are relevant to Plaintiff's ability to prove essential elements of her case. Therefore, Plaintiff's motion to compel interrogatories 4, 6 and 12 is **GRANTED**.

Defendant's seventh affirmative defense alleges that "if it violated the TCPA, which it denies, that it has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA." (Doc. 9 at 6). Defendant's ninth interrogatory asks Defendant to identify and explain the policies, practices and procedures it had in place during the relevant time period to avoid violating the TCPA (Doc. 22 at 8). Plaintiff also asks Defendant to provide "a detailed description of each policy, practice or procedure, the date it was first implemented, and all persons involved in its consideration, implementation and, if applicable, termination." (Id.). Defendant's boilerplate objections that this interrogatory is "overly broad, unduly burdensome, not reasonably limited as to time and scope, and asks for information that is irrelevant and not proportional to the needs of the case," are overruled. Defendant's remaining objection is that the information sought is "privileged, confidential and proprietary" and "of limited relevance to the issues of this case." (Id.). Defendant has not produced a privilege log or provided facts to support its conclusory allegations. Consequently, this objection is overruled and Plaintiff's motion to compel a full response to interrogatory 9 is **GRANTED**.

Interrogatory number 13 asks Defendant to explain how, from whom, and when it obtained Plaintiff's telephone number (Doc. 22 at 9). Defendant answered that it obtained Plaintiff's number from "a client employer for health care insurance related purposes." (Doc. 22 at 9-10). This is not a full or complete answer to the interrogatory. Accordingly, Plaintiff's motion to compel interrogatory 13 is **GRANTED**.

Defendant's eighth affirmative defense states that "Plaintiff's TCPA claim, and those of putative class members, may be barred in whole or in part, if Plaintiff provided 'prior express consent' within the meaning of the TCPA..." (Doc. 9 at 6). Plaintiff's fourteenth interrogatory asks Defendant to explain the basis for its contention that it had Plaintiff's consent to call her (Doc. 22 at 10). Plaintiff also asks Defendant to provide the Bates number for all documents that support this contention (Id.). Defendant objected that this is "a contention interrogatory and subject to further investigation and discovery." (Id.). Whether Defendant obtained Plaintiff's consent to receive these phone calls goes to the heart of the TCPA. See generally, Brown v. Collections Bureau of Am. Ltd., 183 F. Supp. 3d 1004, 1005 (N.D. Cal. 2016) ("The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."); Edwards v. Oportun, Inc., 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016) ("The TCPA prohibits a caller from using an auto dialer to place non-emergency phone calls to a cellular telephone number without the 'called party's' prior express consent."). Additionally, Plaintiff's complaint was served on Defendant on July 7, 2017 (Doc. 7), and it has alleged consent as an affirmative defense. Defendant has had more than enough time to investigate this defense and determine whether it received "prior express consent" from Plaintiff. Therefore, Defendant's objection is overruled and Plaintiff's motion to compel a full response to interrogatory 14 is

**GRANTED**.

### Requests for Production

Parties can ask each other to produce information within the scope of FED. R. CIV. P. 26(b). FED. R. CIV. P. 34(a). A party objecting to a request for production must: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2). As the court in Liguria Foods, Inc. v. Griffith Lab., Inc. observed, "'[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity.'" 320 F.R.D. 168, 184 (N.D. Iowa Mar. 13, 2017). So-called "'generalized objections are inadequate and tantamount to not making any objection at all.'" Id. at 186 (quoting Jarvey, Boilerplate Discovery Objections, 61 Drake L. Rev. at 916 (2013)). Plaintiff asked Defendant to produce the following information and Defendant objected to all but number 20:

> 1. All documents that refer or pertain to Plaintiff or telephone number (XXX) XXX-9790, including, but not limited to, all information indexed, filed or retrievable under Plaintiff's telephone number or any other number, datum, symbol, designation or code (such as an account number or Social Security number) assigned to her or telephone number.
>
> 3. All documents that discuss or relate to policies, practices or procedures associated with calling (XXX) XXX-9790, including any document explaining the reason or purpose for calling said number.
>
> 4. All contracts or manuals regarding all telephone and/or communications systems(s), equipment and/or software used by you or on your behalf to place calls to Plaintiff at any time from June 29, 2013 to the present.
>
> 6. Documents sufficient to identify all vendors you used to place calls on your behalf, or assist you in connection with placing calls using the system which called (XXX) XXX-9790

> or, using an automated telephone dialing system or an artificial or prerecorded voice at any time between June 29, 2013 and the present, as well as all contracts with the vendors, all instructions and other communications between you and the vendors regarding the requirements, policies or procedures for making such calls, the numbers to be called, skip-tracing or otherwise obtaining numbers third parties for the persons to be called, determining whether the calls were made to cellular numbers, and handling do-not-call requests.
>
> 7. Documents describing any method used by you or on your behalf to identify whether a telephone number is assigned to a cellular telephone service, such as a scrubbing procedure.
>
> 10. Copies of any documents filed in connection with any judicial or administrative proceedings that mention you and the TCPA.
>
> 20. All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

(Doc. 22 at 10-15).

Defendant's unsupported and unexplained boilerplate objections that these requests are vague, ambiguous, overly broad, unduly burdensome, not reasonably limited in time and scope, and ask for information that is not relevant or proportional to the needs of the case are overruled (Id.).

In response to request number 1, Defendant objects that the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") prohibits it from producing some responsive information (Doc. 22 at 10). To the extent Defendant believes HIPPA precludes the production of information, and the parties are unable to resolve the matter, Defendant should file a motion for a protective order.

Defendant objects to producing the information described in requests 3, 4, 6 and 7 on the grounds that it is privileged, confidential and proprietary (Id., at 11-14). These

conclusory objections are not supported by facts and are therefore, overruled. Plaintiff's motion to compel requests 3, 4, 6 and 7 are **GRANTED**.

Discovery requests should "focus on the actual claims and defenses involved in the action.'" Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 355 (11th Cir. 2012) (quoting the GAP Report); see also Builders Flooring Connection, LLC v. Brown Chambless Architects, No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26) (In discovery, "requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'"). On this basis, Plaintiff's motion to compel a better response to request for production 10 is **DENIED**.

Defendant did not object to request number 20 but, when the motion to compel was filed, the information still had not been produced (Doc. 22 at 15). Accordingly, Plaintiff's motion to compel request number 20 is **GRANTED**.

To the extent that Plaintiff's motion to compel has been granted, Defendant shall provide full and complete discovery **no later than January 2, 2018**.

**DONE** and **ORDERED** in Orlando, Florida on December 21, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record