UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRYSTAL DEJESUS,

    Plaintiff,

v.                                    Case No: 6:17-cv-1208-Orl-41TBS

CIGNA CORPORATION,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant's Motion to Strike Plaintiff's Improper Class Definition (Doc. 31), and Defendant's Motion to Stay Discovery (Doc. 32). Plaintiff Crystal DeJesus has filed responses in opposition to both motions (Docs. 38-39).

Plaintiff complains that Defendant Cigna Corporation violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 by making numerous prerecorded, automated telephone calls to her cell phone (Doc. 1, ¶¶ 14-18). She alleges that she did not consent to receive these calls and that she was not the intended recipient of the calls (Id., ¶¶ 18-19). Plaintiff also alleges that "Defendant's practice of placing prerecorded voice calls to 'wrong numbers' is both pervasive and long standing." (Id., ¶ 21). She brings this action on behalf of the following classes:

> **No Consent Class**: All persons in the United States whose (1) cellular telephone number has been called by Defendant; (2) more than once; (3) with an artificial or prerecorded voice and/or an automatic telephone dialing system; and (4) such calls were made without the prior express consent of the person subscribing to the number called, (5) from four years preceding the filing of this complaint to the date that the class is certified.

> **Wrong Number Subclass**: All persons in the United States whose (I) cellular telephone number has been called by Defendant; (2) more than once; (3) with an artificial or prerecorded voice and/or an automatic telephone dialing system; and (4) such calls were "wrong numbers" where the person subscribing to the number called was not the same person Defendant's records show it intended to call, (5) from four years preceding the filing of this complaint to the date that the class is certified.

(Id., ¶ 23). Defendant answered the complaint on July 28, 2017 (Doc. 9).

Now, Defendant is asking the Court to strike the definitions of the No Consent Class and the Wrong Number Subclass from Plaintiff's complaint pursuant to Fed. R. Civ. P. 23(c)(1)(A) and/or (d)(1)(D)[1] (Doc. 31 at 1). As grounds, Defendant argues that the No Consent Class: (1) violates the typicality requirement of Rule 23(a)(3); (2) is an improper "fail-safe-class;" and (3) individual issues predominate over questions common to the members of the No Consent Class (Id., at 2). Defendant contends that the Wrong Number Class should be stricken because it fails to satisfy the ascertainability and predominance requirements for class certification (Id.).

Although Defendant is not travelling under Fed. R. Civ. P. 12(f), the Court begins with a discussion of this rule. Pursuant to Rule 12(f) the district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District courts have broad discretion in making this determination. Id.; Honus Wagner Co. v. Luminary Grp. LLC, No. 17-cv-61317-BLOOM/Valle, 2017 WL 6547899, at *4 (S.D. Fla. Dec. 21, 2017). When it evaluates a motion to strike, the court "must treat all well pleaded facts as

---

[1] The appropriateness of class certification is determined according to the factors in Fed. R. Civ. P. 23. The party seeking class certification must prove: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Fed. R. Civ. P. 23(a). Additionally, at least one of the three subsections of Rule 23(b) must be satisfied.

admitted and cannot consider matters beyond the pleadings." Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 97-2866-cv-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999). Motions to strike are generally disfavored and are often considered "time wasters." Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Harty v. SRA/Palm Trails Plaza, LLC, 755 F.Supp.2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted). The striking of all or part of a pleading is a "drastic remedy to be resorted to only when required for the purposes of justice." Jackson v. Grupo Indu. Hotelero, S.A., No. 07-22046-CIV, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008) (internal quotation marks omitted). A motion to strike pursuant to Rule 12(f) must be made "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f)(2). Defendant's pending motion to strike, if filed pursuant to Rule 12(f), would have properly been denied as untimely.

Defendant contends that the Court has the authority, independent of Rule 12(f), to strike Plaintiff's class definitions pursuant to Rules 23(c) and (d) (Doc. 31 at 3-5). Rule 23(c)(1) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." FED. R. CIV. P. 23(c)(1)(A). Rule 23(d) governs the conduct of the action and provides, *inter alia*, that "[i]n conducting an action under this rule, the court may issue orders that … require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."

Some courts outside the Eleventh Circuit "have held that a motion to strike class allegations, made pursuant to [Rules 23(c) and (d)], is an appropriate device to determine whether the case will proceed as a class action." Wright v. Family Dollar, Inc., No. 10 C 4410, 2010 WL 4962838, at * 1 (N.D. Ill. Nov. 30, 2010) (citing Muehlbauer v. General Motors Corp., 431 F.Supp.2d 847, 870 (N.D. Ill. 2006)); Cornette v. Jenny Garton Ins. Agency, Inc., No. 2:10-CV-60, 2010 U.S. Dist. LEXIS 52809, at *4 (N.D. W. Va. May 27, 2010)).

The Eleventh Circuit has affirmed a district court order granting a motion to strike class action allegations from a complaint. Griffin v. Singletary, 17 F.3d 356, 361 (11th Cir. 1964). But, it has not discussed the proper standard for the district court to apply in making this determination. Id.

After reading the cases cited by the parties and performing its own research, the Court is in agreement with Judge Rosenbaum's decision in Gill-Samuel v. Nova Biomedical Corp., No. 13-62591-CIV, 298 F.R.D. 693 (S.D. Fla. April 9, 2014), that on a motion to strike pursuant to Rule 23, the Rule 23 factors should be viewed "through the lens of the Rule 12(f) standard for motions to strike." Id., at 693. This conclusion follows from a comparison of Rules 12(f) and 23(c)(1)(C).

Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Under Rule 23(c)(1)(C), the district court "retains the flexibility to change its position on a motion for class certification, [and] orders on motions for class certification are usually not appealable as of right." Id. at 699 (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978) (orders on class certification are subject to revision in the district court), *superseded by rule on other grounds*, Microsoft Corp. v. Baker, 137 S. Ct. 1702,

1715, 198 L.Ed.2d 132 (2017)). "Thus, any prejudice to the parties arising from the court's directive to rule on class certification as early as practicable—and, possibly, prior to a fully developed record—is tempered in part by the court's ability to amend its ruling on class certification as new evidence comes to light concerning the propriety of certification." Gill-Samuel, 298 F.R.D. at 699. The same flexibility does not exist when the court grants a motion to strike pursuant to Rule 12(f). As Judge Rosenbaum explains:

> [S]triking Plaintiff's class-action allegations from her Complaint would prevent the Court from reconsidering the certification issue at a later date absent amendment of the Complaint. This differs from an order on a motion for class certification, in which the class-action allegations remain intact, if dormant, in the complaint for the court to reconsider at a later date. Thus, an order on a motion to strike class-action allegations would, by its very nature, carry more finality and less prospective flexibility than the typical order on a motion for class certification. This lack of flexibility weighs against the general directive for expeditious consideration of certification and supports the notion that motions to strike should be viewed under a stricter standard than the typical Rule 23 motion.

Id. at 700.

Following this reasoning, the Court has examined Plaintiff's class definitions from the perspective of Rule 12(f) and finds that they are not "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f). Accordingly, the motion to strike is **DENIED**.

Defendant asks the Court to stay discovery until it rules on Defendant's motion to strike (Doc. 32). The Court having denied the motion to strike, the motion for stay is also **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record